IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT THOMAS | : | CIVIL ACTION |
| v. | : | |
| TOM MCGARRIGLE, et al. | : | NO. 14-4757 |

MEMORANDUM

GOLDBERG, J.                                                     AUGUST 20, 2014

      Vincent Thomas, #AM-7061, a prisoner incarcerated at the State Correctional Institution at Dallas, filed this civil action, pursuant to 42 U.S.C. § 1983, against several defendants in Delaware County. Currently before the Court is plaintiff's motion to proceed *in forma pauperis*. For the following reasons, the Court will deny the motion.

      According to § 1915(g), which was enacted as part of the Prison Litigation Reform Act, a prisoner who on three or more prior occasions while incarcerated has filed an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, must be denied *in forma pauperis* status unless he was in imminent danger of serious physical injury at the time that the complaint was filed. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 310-11 (3d Cir. 2001) (en banc). "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes]." *Keener v. Pa. Bd. of*

1

*Prob. & Parole,* 128 F.3d 143, 144-45 (3d Cir. 1997). Plaintiff accumulated at least three "strikes" for purposes of 28 U.S.C. § 1915(g) at the time he filed this action. *See Thomas v. Lehman,* E.D. Pa. Civ. A. No. 95-1683 (dismissing action as frivolous pursuant to 28 U.S.C. § 1915(d)); *Thomas v. Arty,* E.D. Pa. Civ. A. No. 93-6856 (same); *Thomas v. Lehman,* E.D. Pa. Civ. A. No. 93-6115 (same); *Thomas v. Lehman,* E.D. Pa. 93-3621 (same); *see also Thomas v. Lehman,* M.D. Pa. Civ. A. No. 93-1966 (dismissing action as frivolous pursuant to 28 U.S.C. § 1915(d)). Accordingly, he may not proceed *in forma pauperis* unless he was in imminent danger of serious physical injury at the time he filed his complaint.

The complaint alleges that, in 1982, a judge on the Delaware County Court of Common Pleas ordered plaintiff to undergo a psychiatric assessment in connection with criminal proceedings brought against him. The prosecutor apparently used that assessment to support a sentencing enhancement. Plaintiff claims that the assessment was fraudulent because the doctor who performed it was not properly credentialed. Nothing about those facts establishes that plaintiff was in imminent danger of serious physical injury at the time he filed the complaint. Accordingly, the Court will deny his motion to proceed *in forma pauperis*. An appropriate order follows.